UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAN COOPER,

    Petitioner,

v.

RON DAVIS, Warden,

    Respondent.

Case No. 20-03253 BLF (PR)

**ORDER OF DISMISSAL**

Petitioner, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Dkt. No. 1.  Petitioner has paid the filing fee.  Dkt. No. 8.  For the reasons discussed below, the instant petition will be dismissed.

**DISCUSSION**

Petitioner claims he was denied parole based on "fabricated evidence submitted into [his] "C" files."  Dkt. No. 1 at 5.  Petitioner states that he is not challenging the outcome of the parole hearing at this time, "but the unfairness practiced by San Quentin Staff who placed this information in the files without advising petitioner in a timely manner, which

---

[1] After Petitioner declined magistrate judge jurisdiction, Dkt. No. 5, the matter was eventually reassigned to this Court on June 16, 2020.  Dkt. No. 10.

precluded him from timely challenging such information as one bogus [*sic*]." *Id.* at 9. The information was a report that on August 8, 2017, Petitioner's wife was discovered to be carrying contraband on her person when she came to visit Petitioner at San Quentin State Prison. *Id.* at 17. Petitioner filed an inmate grievance regarding the information on June 24, 2019. *Id.* at 15. Accordingly, it appears that Petitioner was denied parole sometime before then in 2019.

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)); *see Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" *Skinner*, 562 U.S. at 533-34 (quoting *Wilkinson*, 544 U.S. at 82). In fact, a § 1983 action is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas corpus.'" *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting *Preiser*, 411 U.S. at 487). A claim that meets the statutory criteria of § 1983 may be asserted unless it is within the core of habeas corpus because "its success would release the claimant from confinement or shorten its duration." *Thornton v. Brown*, 757 F.3d 834, 841 (9th Cir. 2014) (citing *Preiser*, 411 U.S. at 500). Here, Petitioner explicitly states that he is not challenging the denial of parole. Rather, he is challenging the inclusion of information in his "C" file which *may* affect his future eligibility. As such, even if he were successful in having that report removed, it would not "necessarily spell speedier release." *Skinner*, 562 U.S. at 533-34. Accordingly, Petitioner's sole remedy in having the challenged information removed from his "C" file is by filing a § 1983 action since his claim does not lie at the core of habeas corpus. *See Nettles*, 830 F.3d at 931.

Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *see*

2

*Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the Court declines to do so here.  The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here.  Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief.

Additionally, there is doubt whether the prisoner is willing to pay the $350.00 civil action filing fee to pursue his claims.  It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

## CONCLUSION

For the foregoing reasons, this action for a writ of habeas corpus is **DISMISSED** without prejudice to Petitioner filing a civil rights action under 42 U.S.C. § 1983, preferably using the court's civil rights complaint form.  *See* 42 U.S.C. § 1997e(a).

The Clerk is instructed to include two copies of the prisoner civil rights complaint form to Petitioner with a copy of this order, along with an *In Forma Pauperis* Application.

**IT IS SO ORDERED.**

Dated:  __September 14, 2020_

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
P:\PRO-SE\BLF\HC.20\03253Cooper_dism(hc-cr).docx